## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARNITA MARIA GRANT,

                                     *

Plaintiff

                                     *

v.                                                 Civil Action No. JKB-17-728

                                     *

ARI KODECK,
CENTRAL COLLECTIONS UNIT,        *

Defendants                       *

                                  ***

## MEMORANDUM OPINION

Plaintiff Arnita Maria Grant, a resident of Baltimore, Maryland, filed a complaint with a motion to proceed in forma pauperis on March 16, 2017. Grant asserts she is entitled to money damages because Maryland Assistant Attorney General Ari Kodeck is pursuing a claim against her through the State's Central Collections Unit for payment of a false medical bill. ECF 1. Because she appears to be indigent, Grant's motion shall be granted. For the reasons stated below, the complaint must be dismissed.

Grant filed her complaint under the authority of 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as Grant's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege

facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").   In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .   It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

Even affording Grant's claim the most liberal construction, the complaint fails to state a claim upon which relief may be granted.  First, this court does not have original subject-matter jurisdiction over court collections proceedings initiated by the State government in State court.

Second, the relief sought in this case is in the nature of mandamus relief against an Assistant Attorney General for the State of Maryland and Maryland's Central Collections Unit.[1] This court does not have jurisdiction over State employees in an action for writ of mandamus. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361 (establishing federal court mandamus jurisdiction over officer or employees of the United States).

Finally, Grant has two active cases against her filed by Kodeck on behalf of the Central Collections Unit.   In *State of Maryland Central Collection v. Grant*, Case No. 0804000182892015 (D. Ct. Balt. Cty.), Kodeck, on behalf of the State, is seeking $19,095.74 against Grant.  A request for order of dismissal filed on January 13, 2017, is pending.  In *State of Maryland Central Collection v. Grant*, Case No. 080400182902015 (D. Ct. Balt. Cty.), Kodeck, on behalf of the State, is seeking $314.  A request for order of dismissal also filed on January 17, 2017, is pending in that case.  A third case filed by Kodeck against Grant in the District Court for

---

[1] According to its website, the mission statement for the Central Collection Unit, part of Maryland's Department of Budget and Management, is to "collect delinquent debts owed to the State of Maryland…"  *See* http://dbm.maryland.gov/ccu/Pages/ccuHome.aspx

Baltimore County, Case No. 080400189832015, resulted in a confessed judgment of $736.70 and a writ of garnishment against Grant's then-employer.  Grant in turn sued the Central Collections Unit of Maryland in the Circuit Court for Baltimore City on February 6, 2017, in Case No. 24C17000542.  Other than the filing of a Complaint, no further developments are noted on that case docket.

Grant's primary allegation here is that one or more of the lawsuits filed against her by the State of Maryland is improper.  Two of the three state court actions remain pending, and one has resulted in the entry of judgment against her.  The judgment has not been appealed.  Appellate review in the concluded case – or in any of the yet-unresolved state court matters - is not available in this court.  "Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*.  *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n.5 (4th Cir. 1997)*.*

To the extent that Grant wishes to raise a common-law tort claim in the federal court, she may not do so, as this court has limited original jurisdiction and does not sit to review every claim related to alleged tortious or fraudulent conduct involving non-federal parties.  It only has authority to review such claims filed by parties who establish diversity jurisdiction.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v.  Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).  According to the complaint, all parties reside in Maryland. Thus, any vague allegation of tortious conduct cannot meet federal diversity requirements.

Accordingly, the complaint shall be dismissed by separate order, which follows.

Date:  <u>March 24, 2017</u>                                    <u>            /s/            </u>
                                                                              James K. Bredar
                                                                              United States District Judge